EDITH GERTRUDE ROSE, Administratrix of Charles Horsey, deceased, p. b. a., *vs.* THE COMMONWEALTH BENEFICIAL ASSOCIATION, d. b. r.

1. INSURANCE—MUTUAL BENEFIT INSURANCE—CONSTRUCTION OF CONTRACT—"ANY BENEFITS."

An application for membership in a benefit association provided that sick benefits would not be paid for childbirth, or disease occasioned by pregnancy, or any diseased condition of any female organ, and that the association should not be liable to pay "any benefits" because of the results of any confinement due to pregnancy occurring during the first nine months of the membership. The by-laws provided that no female member should be entitled to weekly benefits during childbirth, or for any disease occasioned by pregnancy or peculiar to the female sex. *Held*, that "any benefits" referred only to sick benefits, and hence funeral benefits were recoverable, even if death resulted from confinement due to pregnancy.

2. INSURANCE—MUTUAL BENEFIT INSURANCE—CAUSE OF DEATH—"CONFINEMENT DUE TO PREGNANCY."

Evidence that a member of a benefit association slipped and fell on her abdomen, that she thereafter suffered pain in her abdomen and was attended by a physician, that, becoming worse, she was taken to a hospital, where she died the following day, and was then found to be pregnant, did not show that she died as a result of "confinement due to pregnancy", within a provision of the application for membership that no benefits would be paid for the results of such confinement, since there was no childbirth, or lying-in for the delivery of a child, or even a foetus, and hence no "confinement", in the usual and ordinary meaning of the term.

*(March* 18, 1913.)

27 Del.]    Rose vs. Commonwealth Beneficial Ass'n.    145

Statement—Opinion.

Judges Boyce and Conrad sitting.

*Lilburne Chandler* for appellant.

*William F. Kurtz* for respondent.

Superior Court, New Castle County, March Term, 1913.

Action by Edith Gertrude Rose, administratrix of Charles Horsey, deceased, against The Commonwealth Beneficial Association.    Directed verdict for plaintiff.

Appeal (No. 148, September Term, 1911) from the judgment of a justice of the peace in an action brought by Charles Horsey, the husband and beneficiary of Artie Horsey, deceased, on a certificate of membership in The Commonwealth Beneficial Association, the defendant, issued to the deceased, on the twenty-sixth day of December A. D. 1910, upon her written application for membership for funeral benefits only in the sum of one hundred and sixty-eight dollars, dated the thirteenth day of December, A. D. 1910.

The deceased member died on the twenty-second day of January, A. D. 1911, having paid weekly benefits to the time of her death, at ten cents each for four weeks.    Charles Horsey died after filing his appeal, and Edith Gertrude Rose, administratrix, was admitted party plaintiff.

Further facts appear in the opinion of the court directing a verdict for the plaintiff after the close of the testimony.

Boyce, J., delivering the opinion of the court:

Since the adjournment of court, we have carefully read and considered the conditions contained in the application of the deceased for membership in the defendant association as well as the conditions contained in the certificate of membership subsequently issued to the deceased.    The required proofs of death were made and delivered to and accepted by the manager of the defendant association, at its principal office in this city, on the twenty-third day of January, A. D. 1911.

[1] On the thirteenth day of December, A. D. 1910, the deceased member, a married woman, made application for member-

ship in The Commonwealth Beneficial Association, the defendant, expressing a desire to become entitled to *funeral* benefits only of one hundred and sixty-eight dollars agreeing to pay the sum of ten cents on Monday of each week thereafter during the continuance of her membership, and named Charles Horsey, her husband, the beneficiary, deceased, since bringing this action, in which application she did stipulate, among other things:

"A.   For the purpose of becoming a member of the above-named association, I submit this application and agree to be governed in my relations with the association by the by-laws thereof as they now exist or may hereafter be altered or amended." *   *

"32.   Do you understand that no sick benefits are paid for childbirth or any disease occasioned by a pregnant state, or any diseased condition of any female organ or its appendages?" (Answered) "Yes."

"33.   I hereby agree that the association shall not be liable to pay any benefits because of the results of any confinement due to pregnancy, occurring during the first nine months of my membership."   (Answered) "Yes."

It is admitted that the by-laws now in force are set forth on the back of the certificate of membership in evidence, dated the twenty-sixth day of December, A. D. 1910.   It is provided by said by-laws that "No female member shall be entitled to weekly benefits during childbirth or for any disease occasioned by a pregnant state or for any disease peculiar to the female sex."

It appears from the evidence that some two weeks before the deceased member died on the twenty-second day of January, A. D. 1911, she had slipped and fallen, on her abdomen, being at the time pregnant, and that thereafter she suffered pain in the region of the abdomen, being attended once by a physician at her home, who prescribed for her; that on becoming very much worse she was taken, practically in a dying condition, to a hospital in this city, where she died the next day, as testified to by the hospital physician, from septic peritonitis, the physician finding in the deceased a prolapsed uterus in which there was a dead foetus.

Said paragraphs 32 and 33 of the application are relied upon to defeat a recovery in this action, for the reason, it is urged, that

the deceased member died of a disease occasioned by a pregnant state, and as a result of the confinement due to pregnancy occurring during the first nine months of her membership. The deceased member did not apply for and was not a member of the defendant association entitled to sick benefits and the restriction of said by-laws respecting a female member is confined to weekly or sick benefits. There is no such provision in relation to *funeral* benefits. In the light of this by-law and of said paragraph 32 of said application, we hold that, "any benefits", in said paragraph 33 of the application means weekly or sick benefits and has no application to funeral benefits, and that said last-mentioned paragraph cannot be relied upon to defeat this action.

[2]   Again, from any evidence in this case it has not been shown that the deceased member died as "the result of any confinement due to pregnancy." There was in this case no confinement within the usual and ordinary meaning of the term. There was no childbirth or lying-in for the delivery of a child, or even a foetus. There was, it is testified, a dead foetus in the uterus and a condition of septic poisoning, and the member died. This is the whole story.

The plaintiff having shown the necessary proofs of death, and it being shown that the member died during the first year of her membership, and the defendant being entitled to have one year's dues deducted, less the dues paid (40 cents), or the sum of four dollars and eighty cents, we are constrained to direct the jury to return a verdict for the plaintiff for the sum of one hundred and sixty-three dollars and twenty cents, with interest from the twenty-third day of January, A. D. 1911.

Gentlemen of the jury, we so direct you.

Verdict for the plaintiff.